**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
-------------------------------------------------------------------- X

|  |  |  |
|---|---|---|
| MICHAEL MOUSSAD, KIRILOS ABDELMALAAK, GOREG BOTROS, LUIS DOMINGUEZ and JAMIE MORENO, individually and on behalf of all others similarly situated, | : : : : | **CIVIL CASE NO.** |
|  | : | |
| Plaintiffs, | : | |
| -against- | : | **COLLECTIVE AND CLASS ACTION** |
|  | : | |
| BARE HOBOKEN, LLC; BAREBURGER GROUP, LLC; BE MY BURGER, LLC; EURIPIDES PELEKANOS; EFTYCHIOS PELEKANOS; GEORGIOS RODAS; GEORGIOS DELLIS and JOHN SIMEONIDIS, JOHN DOES 1-5 and ABC CORPS. 1-5. | : : : : : : | **COMPLAINT** |
| Defendants. | : | |

-------------------------------------------------------------------- X

Plaintiffs Michael Moussad ("Moussad"), Kirilos Abdelmalaak ("Abdelmalaak"), Goreg Botros ("Botros"), Luis Dominguez ("Dominguez") and Jamie Moreno ("Moreno") (collectively "plaintiffs"), individually and on behalf of themselves and all others similarly situated, through their undersigned attorney, for their Collective and Class Action Complaint against Bare Hoboken, LLC; Bareburger Group, LLC and Be My Burger, LLC (together as "Corporate defendants"); Euripides Pelekanos ("Pelekanos"), Eftychios ("Jimmy") Pelekanos (herein "Jimmy"), Georgios Rodas ("Rodas"), Georgios Dellis ("Dellis") and John Simeonidis ("Simeonidis") (together as "Individual defendants") all collectively referred to as "defendants," allege as follows with respect to all relevant times concerning this matter, including the liability periods set forth in the Fair Labor Standards Act and New Jersey Wage and Hour Law.

## NATURE OF THE ACTION

1. Bareburger, a restaurant chain, has been involved in a series of claims by employees in federal court in New York for violation of federal and state wage and hour laws.

*See* Hernandez v. Bare Burger Dio Inc., et al. (Case No. 1:12-cv-07794); Olvera, et al. v. Bareburger Group LLC, et al. (Case No. 1:14-cv-01372); Cortez, et al. v. BB One LLC et al. (Case No. 1:14-cv-04129-JPO); Serech, et al. v. Bareburger Group LLC, et al. (Case No. 1:14-cv-07181); Morales, et al. v. Bareburger Group LLC, et al. (Case No. 1:15-cv-06497); Almazo Vidal, et al. v. Columbus Village LLC, et al. (Case No. 1:19-cv-03675). This is another such case.

2. Plaintiffs brings this action to recover unpaid minimum wages, unpaid overtime wages and all available relief pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. and N.J.A.C. 12:56 et seq. ("NJWHL") for defendants' failure to pay their employees the full amount of wages due. Plaintiffs seeks damages on their own behalf and on behalf of all others similarly situated.

3. Defendants both directly own and franchise fast food restaurants in several states, under the trade name "Bareburger."

4. This case concerns a directly owned and operated Bareburger restaurant located at 515 Washington Street, Hoboken, NJ. 07030 ("Bareburger Hoboken").

5. Bareburger Hoboken sells burgers and other food items, and offers catering, dine-in and delivery options.

6. Plaintiffs brings this action pursuant to the FLSA and NJWHL on behalf of themselves and other Delivery Drivers, Chefs, Cooks, Food Preparers and Dishwashers ("restaurant workers").

7. Defendants maintained a policy and practice that denied restaurant workers the appropriate minimum wage, and overtime wage compensation for hours worked in excess of 40 hours per workweek, pursuant to the FLSA and NJWHL.

8. At all relevant times, defendants applied a tip credit towards the wages of its Delivery Drivers and paid them at a "tipped" minimum wage, which is below the statutory minimum wage rates.

9. Defendants did not satisfy the strict requirements of the FLSA and NJWHL entitling them to take a tip credit and pay a reduced minimum wage.

10. Plaintiffs seeks unpaid wages, other statutory damages, pre- and post-judgment interest and declaratory relief against defendants' unlawful actions, and attorney' fees and costs pursuant to the FLSA and NJWHL on behalf of themselves and similarly situated restaurant workers.

## JURISDICTION

11. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiffs' claims under the NJWHL pursuant to 28 U.S.C. § 1367.

12. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

13. Venue is proper in the District of New Jersey under 28 U.S.C. § 1391 because all or a substantial part of the conduct alleged herein occurred in this judicial district. In addition, plaintiffs reside in this district and were employed in this district.

## THE PARTIES

**Plaintiffs**

14. Plaintiff Michael Moussad is a resident of Hudson County, New Jersey.

15. Moussad was employed as a tipped Delivery Driver and then a tipped Delivery Driver/Manager by Bareburger Hoboken from in or about 2014 to in or about May 2019.

16.     At all relevant times, Moussad was an employee engaged in commerce or the production of goods for commerce on behalf of defendants. In the performance of his duties, Moussad handled goods daily that traveled in interstate commerce, such as supplies and materials used to operate the restaurant and catering business.

17.     At all relevant times, Moussad was an employee of defendants within the meaning of the FLSA and NJWHL.

18.     Moussad has consented to be a party to the FLSA claims in the action pursuant to 29 U.S.C. §216(b). His written consent is attached.

19.     Plaintiff Kirilos Abdelmalaak is a resident of Hudson County, New Jersey.

20.     Abdelmalaak was employed as a tipped Delivery Driver by Bareburger Hoboken from in or about September 2014 to in or about June 2019.

21.     At all relevant times, Abdelmalaak was an employee engaged in commerce or the production of goods for commerce on behalf of defendants. In the performance of his duties, Abdelmalaak handled goods daily that traveled in interstate commerce, such as supplies and materials used to operate the restaurant and catering business.

22.     At all relevant times, Abdelmalaak was an employee of defendants within the meaning of the FLSA and NJWHL.

23.     Abdelmalaak has consented to be a party to the FLSA claims in the action pursuant to 29 U.S.C. §216(b). His written consent is attached.

24.     Plaintiff Goreg Botros is a resident of Hudson County, New Jersey.

25.     Botros was employed as a tipped Delivery Driver by Bareburger Hoboken from in or about 2016 to in or about July 2019.

26.     At all relevant times, Botros was an employee engaged in commerce or the production of goods for commerce on behalf of defendants. In the performance of his duties, Botros handled

4

goods daily that traveled in interstate commerce, such as supplies and materials used to operate the restaurant and catering business.

27.    At all relevant times, Botros was an employee of defendants within the meaning of the FLSA and NJWHL.

28.    Botros has consented to be a party to the FLSA claims in the action pursuant to 29 U.S.C. §216(b). His written consent is attached.

29.    Plaintiff Luis Dominguez is a resident of Hudson County, New Jersey.

30.    Dominguez was employed as a Cook/Food Preparer by Bareburger Hoboken from in or about July 2015 to the present.

31.    At all relevant times, Dominguez was an employee engaged in commerce or the production of goods for commerce on behalf of defendants. In the performance of his duties, Dominguez handled goods daily that traveled in interstate commerce, such as supplies and materials used to operate the restaurant and catering business.

32.    At all relevant times, Dominguez was an employee of defendants within the meaning of the FLSA and NJWHL.

33.    Dominguez has consented to be a party to the FLSA claims in the action pursuant to 29 U.S.C. §216(b). His written consent is attached.

34.    Plaintiff Jamie Moreno is a resident of Hudson County, New Jersey.

35.    Moreno was employed as a Chef by Bareburger Hoboken from in or about April 2014 to the present.

36.    At all relevant times, Moreno was an employee engaged in commerce or the production of goods for commerce on behalf of defendants. In the performance of his duties, Moreno handled goods daily that traveled in interstate commerce, such as supplies and materials used to operate the restaurant and catering business.

37.     At all relevant times, Moreno was an employee of defendants within the meaning of the FLSA and NJWHL.

38.     Moreno has consented to be a party to the FLSA claims in the action pursuant to 29 U.S.C. §216(b). His written consent is attached.

**Defendants**

39.     Defendant Bare Hoboken, LLC is a New York corporation that owns, operates and controls Bareburger Hoboken.

40.     Bare Hoboken, LLC maintains its corporate headquarters at 35-37 36th Street (2nd Floor), Astoria, New York, 11106.

41.     Bare Hoboken, LLC has been at all relevant times an employer engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. For example, much of the supplies and materials that it uses daily are produced outside of the state of New Jersey.

42.     At all relevant times, Bare Hoboken, LLC has had an annual gross volume of sales in excess of $500,000.

43.     Bare Hoboken, LLC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

44.     Bare Hoboken, LLC's restaurant workers, including all plaintiffs, handled and sold goods that have been produced for commerce.

45.     Defendant Bareburger Group, LLC is a New York corporation that owns Bare Hoboken, LLC.

46.     Bareburger Group, LLC maintains its corporate headquarters at 35-37 36th Street (2nd Floor), Astoria, New York, 11106.

47.    Bareburger Group, LLC has been at all relevant times an employer engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. For example, much of the supplies and materials that it uses daily are produced outside of the state of New Jersey.

48.    At all relevant times, Bareburger Group, LLC has had an annual gross volume of sales in excess of $500,000.

49.    Bareburger Group, LLC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

50.    Bareburger Group, LLC restaurant workers, including all plaintiffs, handled and sold goods that have been produced for commerce.

51.    Defendant Be My Burger, LLC is a New York corporation that owns Bare Hoboken, LLC.

52.    Be My Burger, LLC maintains its corporate headquarters at 35-37 36th Street (2nd Floor), Astoria, New York, 11106.

53.    Be My Burger, LLC has been at all relevant times an employer engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. For example, much of the supplies and materials that it uses daily are produced outside of the state of New Jersey.

54.    At all relevant times, Be My Burger, LLC has had an annual gross volume of sales in excess of $500,000.

55.    Be My Burger, LLC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

56.    Bare Hoboken, LLC's restaurant workers, including all plaintiffs, handled and sold goods that have been produced for commerce.

57.    Defendant Bareburger Group, LLC directly or indirectly is an owner of Bare Hoboken, LLC.

58.   Defendant Be My Burger, LLC directly or indirectly is an owner of Bare Hoboken, LLC.

59.   Defendant Euripides Pelekanos is an owner of Bare Hoboken, LLC.

60.   Defendant Jimmy Pelekanos is an owner of Bare Hoboken, LLC.

61.   Defendant Georgios Rodas is an owner of Bare Hoboken, LLC.

62.   Defendant Georgios Dellis is an owner of Bare Hoboken, LLC.

63.   Defendant John Simeonidis is an owner of Bare Hoboken, LLC.

64.   Defendants John Does 1-5 are owners of Bare Hoboken, LLC.

65.   Defendants ABC Corps. 1-5 are owners of Bare Hoboken, LLC.

66.   Upon information and belief, defendants, John Does 1-5 and ABC Corps. 1-5 are individuals or entities whose names and addresses are unknown. These individuals or entities are employers of the plaintiffs and those similarly situated within the meaning of the FLSA and NJWHL. They may be liable to plaintiffs and those similarly situated, but whom plaintiffs may not be knowledgeable of.

67.   Euripides Pelekanos is sued individually in his capacity as principal, managing member, owner and CEO of Bare Hoboken, LLC.

68.   Jimmy Pelekanos is sued individually in his capacity as principal, managing member, owner and COO of Bare Hoboken, LLC.

69.   Georgios Rodas is sued individually in his capacity as principal, managing member and owner of Bare Hoboken, LLC.

70.   Georgios Dellis is sued individually in his capacity as principal, managing member and owner of Bare Hoboken, LLC

71.   John Simeonidis is sued individually in his capacity as principal, managing member and owner of Bare Hoboken, LLC.

72.   Euripides Pelekanos holds the position of President and CEO of Bareburger Group, LLC.

73.   Jimmy Pelekanos holds the position of COO of Bareburger Group, LLC

74.   Jimmy Pelekanos holds the position of President and CEO of Bare Hoboken, LLC.

75.   Euripides Pelekanos and Jimmy Pelekanos are brothers.

76.   All Individual defendants were co-founders of the Corporate defendants.

77.   John Simeonidis holds the position of Chief Design Officer of Bareburger Group, LLC.

78.   George Rodas holds the position of CCO of Bareburger Group, LLC.

79.   Bare Hoboken, LLC was plaintiffs' and the restaurant workers' employer under the FLSA and NJWHL.

80.   Euripides Pelekanos was plaintiffs' and the restaurant workers' employer under the FLSA and NJWHL because he exercised sufficient operational control and policy-making authority over Bareburger Hoboken operations, established the restaurant workers' terms and conditions of employment, and created and enforced the method by which the workers' wages were computed and paid.

81.   For example, Euripides Pelekanos had the power to, and did, hire, fire and discipline employees, establish and implement pay practices, work rules, work assignments, and scheduling, control labor relations, personnel and pay policies and practices, determine wages, pay wages and maintain time and payroll records at Bareburger Hoboken.

82.   Jimmy Pelekanos was plaintiffs' and the restaurant workers' employer under the FLSA and NJWHL because he exercised sufficient operational control and policy-making authority over Bareburger Hoboken operations, established the restaurant workers' terms and conditions of employment, and created and enforced the method by which the workers' wages were computed and paid.

83.   For example, Jimmy Pelekanos had the power to, and did, hire, fire and discipline employees, establish and implement pay practices, work rules, work assignments, and

scheduling, control labor relations, personnel and pay policies and practices, determine wages, pay wages and maintain time and payroll records at Bareburger Hoboken.

84.    Georgios Rodas was plaintiffs' and the restaurant workers' employer under the FLSA and NJWHL because he exercised sufficient operational control and policy-making authority over Bareburger Hoboken operations, established the restaurant workers' terms and conditions of employment, and created and enforced the method by which the workers' wages were computed and paid.

85.    For example, Georgios Rodas had the power to, and did, hire, fire and discipline employees, establish and implement pay practices, work rules, work assignments, and scheduling, control labor relations, personnel and pay policies and practices, determine wages, pay wages and maintain time and payroll records at Bareburger Hoboken.

86.    Georgios Dellis was plaintiffs' and the restaurant workers' employer under the FLSA and NJWHL because he exercised sufficient operational control and policy-making authority over Bareburger Hoboken operations, established the restaurant workers' terms and conditions of employment, and created and enforced the method by which the workers' wages were computed and paid.

87.    For example, Georgios Dellis had the power to, and did, hire, fire and discipline employees, establish and implement pay practices, work rules, work assignments, and scheduling, control labor relations, personnel and pay policies and practices, determine wages, pay wages and maintain time and payroll records at Bareburger Hoboken.

88.    John Simeonidis was plaintiffs' and the restaurant workers' employer under the FLSA and NJWHL because he exercised sufficient operational control and policy-making authority over Bareburger Hoboken operations, established the restaurant workers' terms and conditions of

employment, and created and enforced the method by which the workers' wages were computed and paid.

89.    For example, John Simeonidis had the power to, and did, hire, fire and discipline employees, establish and implement pay practices, work rules, work assignments, and scheduling, control labor relations, personnel and pay policies and practices, determine wages, pay wages and maintain time and payroll records at Bareburger Hoboken.

90.    Bareburger Group, LLC acted directly or indirectly in the interest of Bare Hoboken, LLC.

91.    Be My Burger, LLC acted directly or indirectly in the interest of Bare Hoboken, LLC.

92.    Pelekanos acted directly or indirectly in the interest of Bare Hoboken, LLC.

93.    Jimmy acted directly or indirectly in the interest of Bare Hoboken, LLC.

94.    Rodas acted directly or indirectly in the interest of Bare Hoboken, LLC.

95.    Dellis acted directly or indirectly in the interest of Bare Hoboken, LLC.

96.    Simeonidis acted directly or indirectly in the interest of Bare Hoboken, LLC.

97.    John Does 1-5 acted directly or indirectly in the interest of Bare Hoboken, LLC.

98.    ABC Corps. 1-5 acted directly or indirectly in the interest of Bare Hoboken, LLC.

99.    Bare Hoboken, LLC is jointly and severally liable for the violations of the FLSA and NJWHL by Bare Hoboken, LLC.

100.    Bareburger Group, LLC is jointly and severally liable for the violations of the FLSA and NJWHL by Bare Hoboken, LLC.

101.    Be My Burger, LLC is jointly and severally liable for the violations of the FLSA and NJWHL by Bare Hoboken, LLC.

102.    Pelekanos is personally and jointly and severally liable for the violations of the FLSA and NJWHL by Bare Hoboken, LLC.

103.   Jimmy is personally and jointly and severally liable for the violations of the FLSA and NJWHL by Bare Hoboken, LLC.

104.   Rodas is personally and jointly and severally liable for the violations of the FLSA and NJWHL by Bare Hoboken, LLC.

105.   Dellis is personally and jointly and severally liable for the violations of the FLSA and NJWHL by Bare Hoboken, LLC.

106.   Simeonidis is personally and jointly and severally liable for the violations of the FLSA and NJWHL by Bare Hoboken, LLC.

107.   The Corporate defendants, Bare Hoboken, LLC, Bareburger Group, LLC and Be My Burger, LLC, are a single employer and a single integrated enterprise with respect to the plaintiffs and employees similarly situated, within the meaning of the FLSA and NJWHL and collectively liable for the violations alleged herein. In this regard, the three Corporate defendants constitute a single employer and a single integrated enterprise, as all decision-making is made by a common ownership, with common directors or officers, there is a common de facto exercise of control by the parent and subsidiaries, common existence of unity of personnel and wage payment policies emanating from a common source, common dependency of operations, interrelation of operations, centrally controlled labor relations, and common management and financial control.

108.   The three Corporate defendants operate out of the same corporate headquarters.

109.   The three Corporate defendants maintain their business records substantially in the same corporate headquarters.

110.   The three Corporate defendants are individually liable, and together liable as a single employer and single integrated enterprise, for the violations alleged herein.

111. Upon information and belief, Individual Defendants Euripides Pelekanos, Jimmy Pelekanos, Georgios Rodas, Georgios Dellis, and John Simeonidis operate Corporate defendants as either alter egos of themselves, and/or failed to operate Corporate defendants as entities legally separate and apart from themselves by, among other things,

a. failing to adhere to the corporate formalities necessary to operate Corporate defendants as corporations,

b. defectively forming or maintaining Corporate defendants by, among other things, failing to hold annual meetings or maintaining appropriate corporate records,

c. transferring assets and debts freely as between all defendants, and any others with ownership interests,

d. operating Corporate defendants for their own benefit and maintaining control over these corporations as closed corporations,

e. intermingling assets and debts of their own with Corporate defendants and diminishing and/or transferring assets to avoid full liability as necessary to protect their own interests,

f. transferring assets and debts between all defendants and any others with ownership interests without proper consideration,

g. operating Corporate defendants for their own benefit as the sole or majority shareholders, and

h. other actions evincing a failure to adhere to the corporate form.

## COLLECTIVE ACTION ALLEGATIONS

97. Plaintiffs brings the First Claim and Second Claim against defendants as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b) on behalf of themselves and other current and former similarly situated employees, including Delivery Drivers, Chefs, Cooks, Food Preparers

and Dishwashers employed by defendants at Bareburger Hoboken at any time three years prior to the filing of this action through the entry of judgment in this action (the "FLSA Collective").

98.     The exact number of FLSA Collective members is unknown to plaintiffs at this time, but there are believed to be at least 20 such persons who have been victims of defendants' common policy and practices that have violated their rights under the FLSA by willfully denying them overtime pay, tips and other wages.

99.     The identities of the FLSA Collective members are known to the defendants and are contained in the employment records that the defendants are required to create and maintain pursuant to the FLSA and NJWHL.

100.    As part of their regular business practice, defendants have intentionally, willfully, and repeatedly harmed the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA.

101.    As part of their regular business practice, defendants have intentionally, willfully, and repeatedly harmed the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA.

102.    This policy, pattern, or practice includes, inter alia:

        a.   failing to pay minimum wages;

        b.   failing to pay overtime at the rate of one and one-half times the FLSA
             Collective's regular hourly rate for hours worked over 40 in a workweek; and

        c.   failing to provide notice to the FLSA Collective of defendants' intentions to
             take a tip credit against the minimum wage, as required by 29 U.S.C. §
             203(m) and 29 C.F.R. § 531.59(b).

103.    Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damage to the FLSA Collective.

104.    Defendants unlawful conduct has been widespread, repeated and consistent.

105.    Defendants did not keep complete records, as required by law, of hours worked and wages earned by plaintiffs and the FLSA Collective.

106.    The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to defendants and are readily identifiable and can be located through defendants' records, which they are required to maintain pursuant to the FLSA and NJWHL. Those similarly situated employees should be notified of and allowed to opt into this action pursuant to 29 U.S.C. § 216(b).

### CLASS ACTION ALLEGATIONS

106.    Plaintiffs brings the Third Claim and Fourth Claim against defendants as a class/collective action for unpaid overtime and minimum wage on behalf of themselves and other employees similarly situated pursuant to N.J.S.A. 34:11-56a25. N.J.S.A. 34:11-56a25 provides in pertinent part, "An employee shall be entitled to maintain the action for and on behalf of himself or other employees similarly situated, and the employee and employees may designate an agent or representative to maintain such action for and on behalf of all employees similarly situated."

107.    Plaintiffs are members of a class/collective of employees of current and former similarly situated employees, including Delivery Drivers, Chefs, Cooks, Food Preparers and Dishwashers employed by defendants at Bareburger Hoboken at any time during the period permitted by N.J.S.A. 34:11-56a25.1, prior to the filing of the action through entry of judgment in this action (the "New Jersey Class").

108.    The persons in the New Jersey Class are so numerous that joinder of all members is impracticable. Further, N.J.S.A. 34:11-56a25 statutorily provides for a class action, without regard to the number of members, to enforce rights protected by the NJWHL. The exact number

of the New Jersey Class members is unknown to plaintiffs at this time, but there are believed to be at least 20 such persons.

109.    The identities of the New Jersey Class members are known to the defendants and are contained in the employment records that the defendants are required to create and maintain pursuant to the FLSA and NJWHL.

110.    Plaintiffs are similarly situated to the New Jersey Class because they performed the same or similar work under the same or similar terms and conditions of employment and were not paid New Jersey state mandated overtime and minimum wage pay by the defendants. They have sustained similar types of damages as a result of defendants' willful failure to comply with the NJWHL and supporting regulations of the New Jersey Department of Labor and Workplace Development ("NJDOL") contained in the New Jersey Administrative Code ("NJAC").

111.    Defendants did not keep complete records, as required by law, of hours worked and wages earned by plaintiffs and the New Jersey Class.

112.    Plaintiffs will fairly and adequately protect the interests of the members of the New Jersey Class and have retained counsel competent and experienced in complex class action litigation.

113.    Plaintiffs have no interests that are contrary to or in conflict with those of the other members of the New Jersey Class.

114.    Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

115.    Common questions of law and fact exist as to all members of the New Jersey Class that predominate over any questions affecting solely individual members. Among the questions of law and fact common to the New Jersey Class are:

> a.   whether defendants violated the NJWHL and the supporting NJDOL regulations; and

b. whether defendants failed to pay the restaurant workers all overtime wages due at a rate of one and-one-half-times their regular hourly rate for all hours worked in excess of 40 in a workweek in violation of the NJWHL; and

c. whether defendant failed to pay the restaurant workers minimum wages due in violation of the NJWHL.

116. Defendants have acted or refused to act on grounds generally applicable to the New Jersey Class, thereby making appropriate relief with respect to the New Jersey Class as a whole.

117. A class/collective action pursuant to N.J.S.A. 34:11-56a25 is superior to other available methods for the fair and efficient adjudication of this controversy. Since damages suffered by individual New Jersey Class members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for plaintiffs and the New Jersey Class members to individually seek redress for the wrongful conduct alleged. Individual class members lack the financial resources to conduct a thorough examination of defendants' compensation practices to prosecute vigorously a lawsuit against defendants to recover such damages. Class litigation is superior because it will obviate the need for unduly duplicative litigation.

118. This action is properly maintainable as a class/collective action on behalf of plaintiffs, and other employees similarly situated, pursuant to N.J.S.A 34:11-56a25.

## FACTUAL ALLEGATIONS

119. Moussad was employed as a tipped Delivery Driver and/or Manager by Bareburger Hoboken from in or about 2014 to in or about May 2019.

120. From 2014 to May 2017, Moussad worked solely as a tipped Delivery Driver. Moussad worked approximately 80 hours per week as a Delivery Driver and defendants paid him a wage of $5 per hour in the years of 2014, 2015 and 2016.

121. In 2017, he was paid $7 per hour as a Delivery Driver.

122.    From May 2016 to May 2019, Moussad was a dual function employee. He worked 30 hours a week as a Delivery Driver and 50 hours a week as a manager. For his work as a manager through these years, Moussad was paid $16 to $18 per hour. For his work as a Delivery Driver through these years, Moussad was paid $7 per hour.

123.    Abdelmalaak was employed as a tipped Delivery Driver by Bareburger Hoboken from in or about September 2014 to in or about June 2019.

124.    In the years of 2014, 2015 and 2016, defendants paid Abdelmalaak $5 per hour and he worked approximately 45 hours per week. In 2017, 2018 and 2019, defendants paid Abdelmalaak $7 per hour.

125.    Botros was employed as a tipped Delivery Driver by Bareburger Hoboken from in or about 2016 to in or about July 2019.

126.    Initially, Botros was a part-time employee. In 2018, Botros became a full-time tipped Delivery Driver, working approximately 50 to 60 hours each week.

127.    In 2016, defendants paid Botros $5 per hour and he worked approximately 35 hours per week. In the years 2017, 2018 and 2019, defendants paid Botros $7 per hour and he worked approximately 55 hours per week.

128.    All Delivery Drivers at Bareburger Hoboken were paid the "tipped" minimum wage, which is below the statutory regular minimum wage rate.

129.    Defendants failed to notify Delivery Drivers of the tip credit provisions of the FLSA and NJWHL, or defendants' intent to apply a tip credit to the Delivery Drivers wages.

130.    Dominguez was employed as a Cook and Food Preparer at Bareburger Hoboken from in or about July 2015 to the present.

131.    In 2017, Dominguez was paid $12 per hour and worked approximately 55 hours per week. In 2018, Dominguez was paid $13 per hour and worked approximately 55 hours per week. In 2019, Dominguez was paid $15 per hour and worked approximately 55 hours per week.

132.    Moreno has been employed as a Chef at Bareburger Hoboken from in or about April 2014 to the present.

133.    Through the years of 2014 and 2015, Moreno earned $14 per hour. Through the years of 2016, 2017 and 2018, Moreno earned $15 per hour. In 2019, Moreno earned $16 per hour. Moreno worked approximately 56 hours per week.

134.    Defendants recorded plaintiffs' and other restaurant workers' hours of work through a punch-in and punch-out system until in or about November 2018, at which point a Point of Sale (POS) system was implemented to record hours worked by restaurant workers.

135.    At all relevant times, plaintiffs and other restaurant workers typically worked approximately 55-80 hours per workweek.

136.    Before November 2018, plaintiffs and other restaurant workers were paid by defendants each workweek with a combination of check and cash.

137.    After November 2018, plaintiffs and other restaurant workers were paid by defendants each workweek with only a check.

138.    Defendants paid drivers $5 per hour in 2015 and 2016. From 2017 onwards, drivers were paid $7 per hour.

139.    Defendants paid Chefs, Cooks and Food Preparers between $12 and $16 per hour.

140.    Defendants paid Dishwashers $10 per hour.

141.    Defendants failed to pay plaintiffs and other restaurant workers overtime pay at one and one half (1½) times their regular hourly rate for hours worked in excess of 40 per workweek for every workweek they worked.

142.   Examples of such weekly pay periods in 2019 include pay periods ending on March 3, May 19, June 16, August 25, and October 6, 2019.

143.   Examples of such weekly pay periods in 2018 include pay periods ending on March 4, May 20, June 17, August 26, and October 7, 2018.

144.   Examples of such weekly pay periods in 2017 include pay periods ending on January 8, April 23, July 9, and October 15, 2017.

145.   Examples of such weekly pay periods in 2016 include pay periods ending on January 10, April 24, July 10, and October 16, 2016.

146.   In each of the identified pay periods above, plaintiffs and other restaurant workers worked approximately 55 hours to 80 hours per week.

147.   Before November 2018, Defendants did not provide the plaintiffs or other restaurant workers written notification of the hours they worked or wages paid in a workweek.

148.   Defendants have violated the recordkeeping requirements of the FLSA, 29 U.S.C. §211(c), N.J.S.A. 34:11-56a20 and N.J.A.C. 12:56-4.1 and 4.2

149.   Defendants failed to post, in a conspicuous, unobstructed place, pursuant to N.J.S.A. 34:11-56a21, the "New Jersey State Wage and Hour Law Abstract," prescribed by the NJDOL, setting forth the state minimum wage and overtime pay requirements in English and Spanish.

150.   Defendants failed to post in a conspicuous, unobstructed place, pursuant to 29 C.F.R. §516.4, a poster prescribed by the U.S. Department of Labor, Wage and Hour Division, setting forth federal minimum wage and overtime pay requirements in English and Spanish.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Minimum Wage)

152.   Plaintiffs and the FLSA Collective repeat and reallege all foregoing paragraphs as if fully set forth herein.

20

153.    Defendants were employers of the FLSA Collective under the FLSA.

154.    Defendants were required to pay the FLSA Collective at least the minimum wage rate for all work performed.

155.    Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA because defendants were required, but failed, to inform the FLSA Collective of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m) in accordance with 29 C.F.R. § 531.59(b).

156.    Tips were regularly insufficient to bring the hourly pay of Delivery Drivers to the required minimum wage rate.

157.    Defendants failed to pay the balance due to each Delivery Driver to bring his or her wages up to the full minimum wage rate.

158.    Defendants failed to pay the FLSA Collective the minimum wage rate for all hours worked.

159.    Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of the FLSA Collective.

160.    Defendants violations of the FLSA in this First Claim have been willful and, therefore, a three-year statute of limitations applies pursuant to the FLSA, 29 U.S.C. § 255(a).

161.    As a result of defendants' willful violations of the FLSA, the FLSA Collective suffered damages by being denied minimum wages and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

162.     Plaintiffs and the FLSA Collective repeat and reallege all foregoing paragraphs as if fully set forth herein.

163.     Defendants are required to pay plaintiffs and the FLSA Collective one and one-half (1½) times the regular rate of pay for all hours they worked in excess of 40 in a workweek pursuant to the overtime wage provisions of the FLSA, 29 U.S.C. § 207, *et seq.*

164.     Defendants have failed to pay plaintiffs and the FLSA Collective the overtime wages to which they are entitled under the FLSA, even though plaintiffs and the FLSA Collective have regularly worked more than 40 hours per workweek.

165.     Defendants were aware or should have been aware that the practices described in this Claim were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiffs and the FLSA Collective.

166.     Defendants' violations of the FLSA have been willful and, therefore, a three-year statute of limitations applies pursuant to the FLSA, 29 U.S.C. § 255(a).

167.     As a result of defendants' willful violations of the FLSA, plaintiffs and the FLSA Collective have suffered damages by being denied overtime pay in accordance with the FLSA and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## THIRD CLAIM

### (New Jersey State Wage and Hour Law – Unpaid Minimum Wage)

168.     Plaintiffs and the New Jersey Class repeat and reallege all foregoing paragraphs as if fully set forth herein.

169.     Defendants were employers of the New Jersey Class within the meaning of the NJWHL.

170.    Defendants were not eligible to avail themselves of a tipped minimum wage rate under the NJWHL because the defendants were required, but failed, to inform the New Jersey Class of their intention to take a tip credit under the NJWHL.

171.    Tips were regularly insufficient to bring the hourly pay of drivers to the required minimum wage rate.

172.    Defendants failed to pay the balance due to each tipped member to bring his or her wages up to the full minimum wage rate.

173.    Defendants failed to pay the New Jersey Class the minimum wage rate for all hours worked.

174.    Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the NJWHL with respect to the compensation of the New Jersey Class.

175.    As a result of defendants' willful violations of the NJWHL, the New Jersey Class suffered damages by being denied minimum wages and are entitled to recovery of such amounts, pre- and post-judgment interest, and attorneys' fees and costs.

## FOURTH CLAIM
### (New Jersey Wage and Hour Law – Unpaid Overtime)

176.    Plaintiffs and the New Jersey Class repeat and reallege all foregoing paragraphs as if fully set forth herein.

177.    Under the NJWHL, defendants are required to pay plaintiffs and the New Jersey Class one and one half (1½) times the regular rate of pay for all hours they worked in excess of 40 hours in a workweek.

178.    Plaintiffs and the New Jersey Class have regularly worked more than 40 hours per week.

179.    Defendants have failed to pay plaintiffs and the New Jersey Class members the overtime wages to which they are entitled under the NJWHL.

180.    Defendants were aware or should have been aware that the practices described in this Claim were unlawful and did not made a good faith effort to comply with the NJWHL with respect to the compensation of plaintiffs and the New Jersey Class.

181.    Defendants have willfully violated the NJWHL by knowingly and intentionally failing to pay plaintiffs and the New Jersey Class members overtime wages.

182.    Due to defendants' violations of the NJWHL, plaintiffs and the New Jersey Class members are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest and any other compensation or remedy provided for by N.J.S.A. 34:11-56a25.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs, the FLSA Collective, and the New Jersey Class respectfully request that this Court enter a judgment:

a. certifying the case as a collective action for the violations of the FLSA, as it pertains to the First Claim and Second Claim under the FLSA, 29 U.S.C. § 216(b), for the employees described herein; designating plaintiffs' counsel as counsel for the FLSA Collective; and designating the named plaintiffs as representatives of the FLSA Collective;

b. certifying the case as a class action with respect to employees similarly situated, pursuant to N.J.S.A. 34:11-56a25, as it pertains to the Third Claim and Fourth Claim for the employees described herein; designating plaintiffs' counsel as counsel for the New Jersey Class; and designating the named plaintiffs as representatives of the New Jersey Class;

c. authorizing the issuance of notice at the earliest possible time to all restaurant workers who were employed by defendants during the appropriate period preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into and participate in this lawsuit;

d. declaring that defendants have violated the minimum wage provisions of the FLSA and NJWHL;

e. declaring that defendants have violated the overtime provisions of the FLSA and NJWHL;

f. declaring that defendants' violations of the FLSA were willful;

g. awarding plaintiffs, the FLSA Collective, and the New Jersey Class damages for minimum wage and overtime pay violations under the FLSA and NJWHL;

h. awarding plaintiffs, the FLSA Collective, and the New Jersey Class liquidated damages pursuant to the FLSA and liquidated damages to the extent authorized by N.J.S.A. 34:11 – 56a25 of the NJWHL;

i. awarding plaintiffs, the FLSA Collective, and the New Jersey Class pre- and post-judgment interest as permitted by the FLSA and NJWHL;

j. awarding plaintiffs and the New Jersey Class all damages provided for by N.J.S.A. 34:11-56a25;

k. awarding plaintiffs, the FLSA Collective, and the New Jersey Class reasonable attorneys' fees and costs pursuant to the FLSA and NJWHL; and

l. awarding such other and further relief as the Court deems just and proper.

**LAW OFFICES OF MITCHELL SCHLEY, LLC**

By:     *s/Mitchell Schley*
        Mitchell Schley
        197 Route 18, Suite 3000
        East Brunswick, NJ 08816
        (732) 325-0318
        mschley@schleylaw.com
        *Attorneys for Plaintiffs and FLSA*
        *Collective and New Jersey Class*

Dated:  January 29, 2020

## FLSA CONSENT FORM

I am or was employed as a (job) tipped Delivery Driver and/or Manager by Bare Hoboken, LLC., Bareburger Group, Inc. and any related entities, affiliates, subsidiaries or individuals (collectively, the "Company") from on or about _____ 2014 _____ to on or about _____ May 2019 _____. I believe I am entitled to additional wages for unpaid minimum wage and/or unpaid overtime pay for work performed in excess of 40 hours in any week. I wish to be included as a party in the pay claims being asserted against the Company by employees of the Company, and I hereby give consent to the Law Offices of Mitchell Schley, LLC or such other representatives as they may associate with, to bring suit against the Company and any related entities and/or owners, principals or individuals, on my behalf under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state law, and to represent me in such claims and settlement of such claims.

_____
Signature

Michael Moussad
_____
Print Name

## FLSA CONSENT FORM

I am or was employed as a (job) tipped Delivery Driver by Bare Hoboken, LLC., Bareburger Group, Inc. and any related entities, affiliates, subsidiaries or individuals (collectively, the "Company") from on or about September 2014 to on or about June 2019 . I believe I am entitled to additional wages for unpaid minimum wage and/or unpaid overtime pay for work performed in excess of 40 hours in any week. I wish to be included as a party in the pay claims being asserted against the Company by employees of the Company, and I hereby give consent to the Law Offices of Mitchell Schley, LLC or such other representatives as they may associate with, to bring suit against the Company and any related entities and/or owners, principals or individuals, on my behalf under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state law, and to represent me in such claims and settlement of such claims.


_____
Signature

Kirilos ADdelmaleafe
Print Name

## FLSA CONSENT FORM

I am or was employed as a (job) Delivery driver by Bare Hoboken, LLC., Bareburger Group, Inc. and any related entities, affiliates, subsidiaries or individuals (collectively, the "Company") from on or about       2016       to on or about    July 14  2019  . I believe I am entitled to additional wages for unpaid minimum wage and/or unpaid overtime pay for work performed in excess of 40 hours in any week. I wish to be included as a party in the pay claims being asserted against the Company by employees of the Company, and I hereby give consent to the Law Offices of Mitchell Schley, LLC or such other representatives as they may associate with, to bring suit against the Company and any related entities and/or owners, principals or individuals, on my behalf under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state law, and to represent me in such claims and settlement of such claims.


Goreg D. Botros
Signature

Goreg Demian Botros
Print Name

## FLSA CONSENT FORM

I am or was employed as a (job) Cook and Food Preparer by Bare Hoboken, LLC.,
Bareburger Group, Inc. and any related entities, affiliates, subsidiaries or individuals (collectively,
the "Company") from on or about _____July 2015_____ to on or about
_____present_____. I believe I am entitled to additional wages for unpaid minimum wage
and/or unpaid overtime pay for work performed in excess of 40 hours in any week. I wish to be
included as a party in the pay claims being asserted against the Company by employees of the
Company, and I hereby give consent to the Law Offices of Mitchell Schley, LLC or such other
representatives as they may associate with, to bring suit against the Company and any related
entities and/or owners, principals or individuals, on my behalf under the Fair Labor Standards Act,
29 U.S.C. § 201 et seq. and any applicable state law, and to represent me in such claims and
settlement of such claims.

_____
Signature

_Luis Armando Dominguez_
Print Name

## FLSA CONSENT FORM

I am or was employed as a (job)_____Chef_____ by Bare Hoboken, LLC., Bareburger Group, Inc. and any related entities, affiliates, subsidiaries or individuals (collectively, the "Company") from on or about _____April 2014_____ to on or about _____present_____. I believe I am entitled to additional wages for unpaid minimum wage and/or unpaid overtime pay for work performed in excess of 40 hours in any week. I wish to be included as a party in the pay claims being asserted against the Company by employees of the Company, and I hereby give consent to the Law Offices of Mitchell Schley, LLC or such other representatives as they may associate with, to bring suit against the Company and any related entities and/or owners, principals or individuals, on my behalf under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and any applicable state law, and to represent me in such claims and settlement of such claims.


_____Jaime_____                            _____Jaime Moreno_____
Signature                                   Print Name